IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUSTIN SHELTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-453-RAS-KPJ |
| § | |
| SHERIFF TRACY MURPHREE and § | |
| CHIEF DEPUTY DEWAYNE § | |
| DOCKERY, § | |
| § | |
| Defendants. § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendants Sherriff Tracy Murphree ("Sheriff Murphree") and Chief Deputy Dewayne Dockery's ("Chief Deputy Dockery," and together, "Defendants") Motion to Dismiss (the "Motion") (Dkt. 16). To date, Plaintiff Justin Shelton ("Plaintiff") has not filed a response. For the reasons that follow, the Court recommends the Motion (Dkt. 16) be **GRANTED**. To the extent Plaintiff is requesting relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Court recommends such a claim be **DISMISSED WITHOUT PREJUDICE.** The Court further recommends Plaintiff's claims under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

On June 3, 2020, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendants. *See* Dkt. 1. Plaintiff alleges Sheriff Murphree violated his First and Fourteenth Amendment rights by denying him the right to religious practice. *See id.* at 3. Additionally, Plaintiff alleges Chief Deputy Dockery violated his First Amendment rights by denying Plaintiff

1

the right to eat according to his religious belief system. *See id.* Specifically, Plaintiff alleges the following:

> Denton County Administration is violating my First and Fourteenth Amendment Right by denying me kosher meals. I am a Messianic Jew and kosher meals are an essential and basic part of my spiritual and religious beliefs. On 2/2/2020 I was taken off my religious tray by Chief Deputy Dew[a]yne Dockery and on 4/23/2020 after exhausting all my administrative remedies I was further denied a kosher tray.

*Id.* at 4. Plaintiff requests the following relief: "I want it made that it is not a privilege to eat according to religious beliefs and compensation [of] $5,000,000.00 or allow maxi[m]um." *Id.*

Plaintiff also attaches a supplement to his complaint, which includes his "Denton County Detention Facility Inmate General Grievance Final Appeal Form" (the "Final Appeal Form") (Dkt. 1-1). Plaintiff's Final Appeal Form appears to be a combination of two appeals on February 12, 2020, and April 22, 2020. *See generally id.* Plaintiff alleges in his February 12, 2020 appeal, "In fact all my kosher trays except for breakfast had microwaveable pre-packaged meals on them . . . I already know that the kosher tray you all serve here isn't kosher at all. Just because my food is individually wrapped doesn't make it kosher." Dkt. 1-1 at 2. Additionally, Plaintiff's Final Appeal Form includes Chief Deputy Dockery's response signed February 12, 2020:

> Inmate Shelton, Asst. Chief Caver's response to you is appropriate. When food service vendors changed in 09-2018, Aramark had leftover kosher meals that were frozen. These meals were used during the interim time you were here previously. In reviewing the response to you and looking at previous documentation, it shows that on 11-7-2019, you received a warning about eating food from other inmate's non-kosher trays. You were warned that if it occurred again, your privilege to receive a kosher diet would be revoked. In reviewing video of you during meal time, it is noted that on 02-10-2020 and 02-11-2020, you are clearly seen trading food with another inmate from a non-kosher tray and two occurrences of this kind of behavior. As a result of you bringing this matter to our attention, looking further into your complaint, it has shed some light on what is actually happening. Therefore, your final appeal to this issue is denied and this closes this grievance administratively. By the way, your kosher diet meal plan will be revoked.

*Id.* at 3. Plaintiff alleges in his April 22, 2020 appeal, "But if [Captain Tim Rich] seen me [eat off non-kosher trays] then he should've seen other inmates doing the same thing, or even selling their

tray which is a violation of the rules for all inmates not just for someone who is on a[n] agreement plan." *Id.* at 4. Additionally, Plaintiff alleges, "[The kosher tray] came in smaller portions, hence the reason for my bad behavior [of taking] food off other trays . . . I also follow some 'Jewish' practices such as eating kosher if I can, following Torah and Honoring YHWH's (i.e., God[']s) Holy Days . . . All I am asking is a chance to get back to honoring my beliefs as required by scripture. I was in the wrong and that is my mistake . . . ." Dkt. 1-1 at 5–6. Plaintiff's April 22, 2020 appeal includes a response from Chief Deputy Dockery dated April 23, 2020, stating the following:

> . . . The bottom line is your only real argument is that other inmates have not been held accountable for the violations of the rules as you have been. Captain Rich informs me that other inmates have also received disciplinary cases filed against them for similar issues involving eating items that were not kosher while on a diet restriction and under contract . . . your appeal is denied and this case is close[d] administratively.

*Id.* at 6. On March 28, 2022, Plaintiff filed a Notice of Change of Address, informing the Court he has been transferred to the Huntsville Unit, 815 12th St, Huntsville, Texas 77348. *See* Dkt. 15.

On April 6, 2022, Defendants filed the Motion. *See* Dkt. 16. In the Motion, Defendants argue the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because RLUIPA does not permit claims for monetary damages and only permits claims for perspective injunctive relief. *See* Dkt. 16 at 4. Defendants argue Plaintiff is no longer incarcerated in the Denton County Jail and, therefore, any request for injunctive relief is moot. *See id.* at 5. Additionally, Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to allege any plausible claim for violation of his religious freedom and free exercise of his religion. *See id.* at 8. Defendants each assert qualified immunity, arguing the Fifth Circuit has held the First Amendment does not require prison officials to provide an inmate with a special diet consistent with his religious beliefs and

3

Plaintiff "admits that he was given [k]osher meals upon his request– just not to his liking or standards." *Id.* at 9–10. Defendants further argue Plaintiff's complaint is not factually specific and is "completely silent as to any action taken by Defendant Sheriff Tracy Murphree." *Id.* at 10. Defendants argue Plaintiff's claims fail as to Sheriff Murphree, as "Plaintiff makes no allegation that Sheriff Murphree was personally involved in depriving Plaintiff of constitutionally protected rights" and there is no supervisory liability under Section 1983. *Id.* at 11. Additionally, Defendants argue Plaintiff cannot show Defendants acted with deliberate indifference because "Plaintiff received Kosher meals, although he complains that they were not up to his standards . . . and then violated the agreement by eating from other inmates' meal trays." *Id.* at 13. Finally, Defendants argue Plaintiff has failed to state a claim that meets the requirements of the RLUIPA because Plaintiff "violate[d] the rules clearly set out in the request for Kosher meals . . . by eating off other inmates' trays on several occasions." *Id.* at 14.

On April 25, 2022, Plaintiff filed a Notice of Change of Address, informing the Court he had been transferred to the Richard P. Leblanc Unit, 3695 FM 3514, Beaumont, Texas 77705. *See* Dkt. 17. On November 1, 2022, the Court ordered that Plaintiff file a response, if any, to Defendants' Motion to Dismiss (Dkt. 16). *See* Dkt. 18. To date, Plaintiff has not filed a response.[1]

## II. LEGAL STANDARD

### A. Rule 12(b)(1) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). The party asserting

---

[1] More than eight months have elapsed since the Motion (Dkt. 16) was filed, and Plaintiff has not filed responsive briefing. *See* LOCAL RULE CV-7(e) (providing that a party opposing a motion has fourteen days from the date the motion was served in which to file a response). A failure to respond to a motion to dismiss creates the presumption Plaintiff has no facts to controvert the motion. *See* LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

4

jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *Braatz, L.L.C. v. Red Mango FC, L.L.C.*, 642 F. App'x 406, 409 (5th Cir. 2016) (per curiam) (citing *Ramming*, 281 F.3d at 161). "Addressing Rule 12(b)(1) arguments first 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Gonzalez v. Mayhill Behav. Health, LLC*, No. 4:19-cv-230, 2019 WL 2395274, at *1 (E.D. Tex. June 6, 2019) (quoting *Ramming*, 281 F.3d at 161). Thus, "[w]here a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:15-cv-2420, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct."

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). But "liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III. ANALYSIS

#### A. Religious Land Use and Institutionalized Persons Act ("RLUIPA")

"RLUIPA provides that 'no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if that burden results from a rule of general applicability,' unless the burden 'is in furtherance of a compelling government interest' and 'is the least restrictive means of furthering that compelling government interest.'" *Chance v. Tex. Dep't of Crim Just.*, 730 F.3d 404, 410 (5th Cir. 2013) (quoting 42 U.S.C. §

2000cc–1(a)). Under RLUIPA, "[t]he plaintiff initially bears the burden of showing that the challenged government action substantially burdens the plaintiff's religious exercise" and, if the plaintiff makes such a showing, "the burden shifts to the government to show that its action or policy is the least restrictive means of furthering a compelling interest." *Id.* (quotation omitted).

Plaintiff requests the following relief: "I want it made that it is not a privilege to eat according to religious beliefs and compensation [of] $5,000,000.00 or allow maxi[m]um." Dkt. 1 at 4. Defendants asserts to the extent Plaintiff is seeking relief under RLUIPA, the Court lacks subject matter jurisdiction over such a claim. *See* Dkt. 16 at 4–5. The Court is mindful that it "must construe the pleadings of *pro se* litigants liberally" and therefore considers Plaintiff's requested relief under RLUIPA. *Rolan*, 2021 WL 5568168, at *3 (citation omitted).

RLUIPA unambiguously creates a private right of action for injunctive and declaratory relief. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd sub. nom.*, *Sossamon v. Texas*, 563 U.S. 277 (2011). However, the Fifth Circuit has made clear monetary damages are not available for claims against state officials under RLUIPA. *See id.* at 331; *see also DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) ("RLUIPA does not create a cause of action for damages against [the defendants] in their official capacities, nor does it create a cause of action against defendants in their individual capacities.") (quotation omitted). Accordingly, the Court only considers whether it has jurisdiction over Plaintiff's request that "it [be] made that it is not a privilege to eat according to religious beliefs . . . ." Dkt. 1 at 4.

Plaintiff is no longer incarcerated at the Denton County Jail and is currently incarcerated at the Richard P. Leblanc Unit, 3695 FM 3514, Beaumont, Texas 77705. *See* Dkt. 17. Therefore, Plaintiff's request that "it [be] made that it is not a privilege to eat according to religious beliefs," Dkt. 1 at 4, at the Denton County Jail is moot. *See Moussazadeh v. Tex. Dep't of Crim. Just.*, No.

G-07-574, 2009 WL 819497, at *9 (S.D. Tex. Mar. 26, 2009) ("Plaintiff is no longer incarcerated [i]n a TDCJ Unit that is incapable of providing him with a kosher diet to accommodate his religious beliefs. Because he has been transferred to the Stringfellow unit, where kosher food is prepared and served in a kosher kitchen, [the] plaintiff's request for injunctive and declaratory relief is moot." (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001))); *Corbeil v. Moore*, No. 08-cv-1072, 2009 WL 320738, at *2 (W.D. La. Jan. 30, 2009) (collecting cases) ("Plaintiff is no longer incarcerated at the RPCC. His transfer to the United States Penitentiary—Pollock renders his claim for prospective injunctive relief against the defendants moot."); *see also Herman*, 238 F.3d at 665 ("Any suggestion of relief based on the possibility of transfer back to ECDC is too speculative to warrant relief." (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987))). As Plaintiff's request for injunctive or declaratory relief under RLUIPA is now moot, the Court lacks subject-matter jurisdiction. *See Copeland v. Livingston*, 464 F. App'x 326, 331 (5th Cir. 2012) (per curiam); *Edison v. Avalon Corr. Servs., Inc.*, No. 4:16-cv-683, 2016 WL 6568011, at *2–3 (S.D. Tex. Nov. 3, 2016) (dismissing without prejudice and denying as moot prisoner's claims for injunctive and declaratory relief ).

Thus, to the extent Plaintiff seeks relief under RLUIPA, such a claim should be denied as moot and dismissed without prejudice for lack of jurisdiction.

### B. 42 U.S.C. § 1983

"Section 1983 is not a general tort remedy available to 'all who suffer injury at the hands of the state or its officers.'" *Waddleton v. Rodriguez*, 750 F. App'x 248, 252 (5th Cir. 2018) (per curiam) (quoting *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)). To state a claim under Section 1983, "'a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution

8

or the laws of the United States.'" *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)).

Plaintiff has failed to state a claim under Section 1983 for violations of the First and Fourteenth Amendments. Plaintiff has failed to allege a claim against Sheriff Murphree, as he does not allege any facts as to Sheriff Murphree and cannot assert claims for supervisory liability under Section 1983. Furthermore, Plaintiff fails to allege a Section 1983 claim for violations of the First Amendment because both Defendants are entitled to qualified immunity.

1. *Plaintiff's Claims Against Sheriff Murphree*

While unclear from Plaintiff's complaint, it appears Plaintiff is asserting claims against Defendants in their individual capacity.[2] *See generally* Dkt. 1. "It is firmly established that individual liability under § 1983 may not be predicated on the vicarious liability doctrine of *respondeat superior*. Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983." *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997) (collecting cases); *see also DeMarco v. Davis*, 914 F.3d 383, 390 (5th Cir. 2019). Plaintiff's complaint makes no reference to Sheriff Murphree at all beyond naming Sheriff Murphree as a defendant. *See generally* Dkt. 1. Therefore, Plaintiff fails to state a claim against Sheriff Murphree, as he does not allege any facts as to Sheriff Murphree, let

---

[2] When a plaintiff brings suit against a government official in their official capacity, the plaintiff in effect brings suit against the entity the official represents. *See Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 623 (W.D. La. 2013) ("A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents.") (internal quotation marks and citation omitted). "A municipality may incur § 1983 liability for its employees' acts when a municipal policy of hiring or training causes those acts" and the plaintiff shows "(1) that the training or hiring procedures of the municipality's policymaker were inadequate; (2) that the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy; and (3) that the inadequate hiring or training policy directly caused the plaintiff's injury." *Id.* at 622 (citations omitted). Plaintiff makes no allegation as to training or hiring, deliberate indifference in adopting the hiring or training policy, or that such a policy caused Plaintiff's injuries. *See generally* Dkt. 1.

9

alone any facts as to Sheriff Murphree's personal involvement in the alleged acts causing the deprivation of Plaintiff's constitutional rights. *See Marceaux*, 921 F. Supp. 2d at 625 (citing *Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)); *Friemel v. Gregg Cnty. Sherriff's Off.*, No. 6:21cv148, 2021 WL 2697135, at *4 (E.D. Tex. June 15, 2021), *R. & R. adopted*, 2021 WL 2689836 (E.D. Tex. June 30, 2021) (collecting cases) ("In addition to the failure to demonstrate any constitutional violation, [the plaintiff] also fails to establish the personal involvement of any of [the defendants] in harming him."); *Phillips v. Collier*, No. 5:19cv170, 2020 WL 5753614, at *5 (E.D. Tex. Aug. 17, 2020), *R. & R. adopted*, 2020 WL 5752129 (E.D. Tex. Sept. 25, 2020). Plaintiff's complaint is also entirely devoid of facts as to any Fourteenth Amendment violation. *See generally* Dkt. 1. If Plaintiff is seeking to assert an equal protection claim under the Fourteenth Amendment, he has not alleged any facts that show "'purposeful discrimination resulting in a discriminatory effect among persons similarly situated.'" *Sossamon*, 560 F.3d at 336 (quoting *Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004)). Without any allegation to that effect, the Court finds Plaintiff has failed to state a claim against Sheriff Murphree for a Fourteenth Amendment violation.

Thus, the Court finds Plaintiff has failed to state a Section 1983 claim against Sherriff Murphree for violations of the First and Fourteenth Amendments.

2. *Qualified Immunity*

In considering whether a defendant is entitled to qualified immunity, courts must first determine "whether [the plaintiff's] complaint contains enough facts showing that [his] constitutional rights were violated, or whether the facts pled amount to a constitutional violation." *Martinez*, 846 F. App'x at 241. Second, if the plaintiff has stated a claim, courts must consider whether the right was clearly established at the time of the violation. *See id.*; *Freeman v. Tex. Dep't*

of Crim. Just., 369 F.3d 854, 863 (5th Cir. 2004). "Clearly established rights should not be defined broadly." *English v. Davis*, No. 1:20-cv-458, 2022 WL 815025, at *2 (E.D. Tex. Feb. 24, 2022), *R. & R. adopted*, 2022 WL 811061 (E.D. Tex. Mar. 16, 2022) (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 577 U.S. at 11 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Courts have the discretion to decide which prong of the two-part test to address first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "In *Turner v. Safley*, which provides the standard for establishing a First Amendment violation in the prison context, the Supreme Court held that so long as actions are 'reasonably related to legitimate penological interests,' they are constitutional." *Sossamon*, 560 F.3d at 335 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "A plaintiff bears the burden of proving that a prison policy, as applied is not reasonably related to legitimate penological objectives." *DeMarco*, 914 F.3d at 389 (collecting cases). The Fifth Circuit has further emphasized "prison officials are entitled to 'substantial deference' in the exercise of their professional judgment." *Id.* (citing *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)).

Even disregarding Plaintiff's own admission in his April 22, 2020 appeal that he violated the kosher meal policy, *see* Dkt. 1-1 at 6, Plaintiff cannot assert a First Amendment violation for denial of a kosher diet or that there is a clearly established right to a religious diet under the First Amendment. The Fifth Circuit has previously held the denial of a kosher diet does not violate the First Amendment. *See Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007); *English*, 2022 WL 815025, at *2 (finding the defendants are entitled to qualified immunity as, *inter alia*, the plaintiff has not shown denial of a kosher diet was a violation of a clearly established right (citing *Baranowski*, 486 F.3d at 122)); *see also Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988) (holding

11

"that prisons need not respond to particularized religious dietary requests." (citing *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986))); *Holmes v. Davis*, No. 6:20cv333, 2021 WL 2152544, at *4 (E.D. Tex. Mar. 30, 2021), *R. & R. adopted*, 2021 WL 2141486 (E.D. Tex. May 26, 2021) ("The Fifth Circuit has never held that inmates of any faith enjoy a First Amendment right to the religious diet of their choice.").

As the denial of a kosher meal plan does not amount to a constitutional violation and the right to a kosher meal plan is not clearly established, Defendants are entitled to qualified immunity.

## IV.  RECOMMENDATION

For the reasons set forth above, the Court recommends the Motion (Dkt. 16) be **GRANTED**. To the extent Plaintiff is requesting relief under RLUIPA, the Court recommends such a claim be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Court further recommends Plaintiff's claims under 42 U.S.C. § 1983 for alleged violations of the First and Fourteenth Amendments against Sheriff Murphree and Chief Deputy Dockery be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*,

474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 23rd day of December, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE